UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCOTT PISTONE,

      Plaintiff,

v.                                                                        No. 13-cv-920 MV/RHS

STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, and
T. DAVID EISENBERG,

      Defendants.

## REPORT AND RECOMMENDATION REGARDING MOTION TO REMAND

This matter comes before the Court on Plaintiff's Motion to Remand Proceedings to New Mexico State District Court (Doc. 10).  The motion was referred to the undersigned by Order of Reference on January 21, 2014 (Doc. 18).  The Order of Reference directed the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the assigned trial court an ultimate disposition.  The undersigned held a hearing on March 19, 2014 (Doc. 22) and recommends that the Motion to Remand be GRANTED.

In his Complaint, Plaintiff asserts that Defendant' actions violated the Due Process Clause of the United States Constitution (Doc. 1-1 ¶ 22).  Based on this federal issue, Defendants removed to federal court (Doc. 1).  Plaintiff moved to Remand Proceedings to New Mexico State District Court on October 23, 2013 (Doc. 10).  Plaintiff asserts, in his Motion to Remand (Doc. 10), that all his causes of action are based on the laws of the State of New Mexico.  He argues that federal jurisdiction is lacking and asks that the matter be remanded to the state court (Doc. 10).

Defendants filed their Response in Opposition to the Motion to Remand on November 8, 2013 (Doc. 13).  However, Defendants noted that if Plaintiff dismissed any federal claims and

claims for attorney fees, then Defendants would not oppose Plaintiff's Motion to Remand (Doc.

13 at 7).  Plaintiff failed or refused to file a timely Reply and therefore did not address

Defendants' offer to agree to remand.[1]

After noting that Plaintiff had not responded to Defendants' offer to agree to remand, the

Court offered Plaintiff a second opportunity to clarify whether his claims are consistent with his

Motion to Remand or contrary to the Motion, by entering an Order Permitting Plaintiff to Amend

His Complaint or Voluntarily Dismiss Any Federal Claims (Doc. 19).  Plaintiff filed a Notice of

Intention to Pursue Federal Constitutional Claims on February 19, 2014 (Doc. 20), which is

generally contrary to Plaintiff's argument that his case is based in state law and should be

remanded.  The pleading advises the Court that Plaintiff intended to pursue his claims that are

based on, arising under, or related to federal constitutional law.

In order to seek clarity on Plaintiff's position, the Court held a hearing.  During the

hearing on March 19, 2014, Plaintiff's counsel advised the Court that perhaps his choice of

language in the Notice of Intention to Pursue Federal Constitutional Claims (Doc. 20) could have

been better and that his federal constitutional claims are "elements" of his state law claims.  To

the undersigned, an "element" is a part of a claim that must be provided for the claim to succeed.

Upon questioning by the Court, Plaintiff's counsel was unable to identify what state law claim

contains an "element" requiring proof that a federal constitutional law has been violated.

The Court concludes that Plaintiff is unable to articulate a federal claim and that all

causes of action brought by Plaintiff in his Complaint are state law matters.  As such, the Court

does not have subject matter jurisdiction.  Therefore, the Court recommends that the Motion to

Remand be GRANTED.

---

[1] Plaintiff also failed to comply with the Local Rules regarding filing motions (D.N.M.LR-Civ. 7.1) by failing to make a good faith request for concurrence prior to the filing of the instant motion.  D.N.M.LR-Civ. 7.1(a) provides that a motion that omits a recitation of a good faith request for concurrence may be summarily denied.  However, the undersigned concludes that Plaintiff's motion will be addressed on the merits rather than summarily denied for failure to adhere to the Local Rules.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE