IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCOTT PISTONE,

      Plaintiff,

v.                                                                       No. 13-CV-920 MV/RHS

STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, and
T. DAVID EISENBERG,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand Proceedings to New Mexico State District Court [Doc. 10], Report and Recommendation Regarding Motion to Remand ("R&R") [Doc. 23], and Defendants' Objections to Report and Recommendation Regarding Motion to Remand [Doc. 24]. After conducting a de novo review of the motion, briefs, R&R, objections, relevant law and being otherwise fully informed, the Court finds that Plaintiff's Motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff Scott Pistone, an attorney, had a contract with Defendant New Mexico Public Defender Department ("NMPD"), pursuant to which he was to provide legal representation to qualified criminal defendants in New Mexico courts from November 2010 through November 2012. Doc. 1-1 ¶¶ 1, 7. The NMPD terminated the contract on August 1, 2011. *Id.* ¶ 11. As a result of the termination of his contract, on July 31, 2013, Plaintiff commenced the instant action against the NMPD and David Eisenberg, an employee of the NMPD. Specifically, Plaintiff filed

1

in New Mexico state court a Complaint for Breach of Contract, Tortious Interference with Contract, Prima Facie Tort, and Civil Conspiracy. Doc. 1-1. The Complaint contains the following allegation:

> The termination of the Public Defender contract was without justification and in violation of plaintiff's rights under the contract, under New Mexico law, and is a violation of plaintiff's rights to Due Process under the New Mexico and U.S. Constitutions.

*Id.* ¶ 22. Further, the Complaint indicates that Plaintiff seeks "reasonable attorney fees and costs, and pre-judgment and post-judgment interest as allowed by law." *Id.* at 5.

Citing Plaintiff's allegations of a violation of his federal constitutional rights and his pursuit of attorney's fees, on September 23, 2013, Defendants removed the instant case to this Court on the basis of federal question jurisdiction. Doc. 1. Thereafter, on October 23, 2013, Plaintiff filed his motion to remand, arguing that this action is based on breach of contract and other claims under New Mexico law and that there are no federal causes of action alleged. Doc. 10. Defendants filed a response in opposition to Plaintiff's motion, in which they stated that, if Plaintiff were to affirmatively dismiss any federal claims in this case and discontinue the pursuit of attorney's fees, Defendants would not oppose a subsequent motion to remand. Doc. 13. Plaintiff failed or refused to file a timely reply, and thus did not address Defendants' offer to agree to remand. *See* Doc. 23 at 2.

On January 21, 2014, this Court referred Plaintiff's motion to United States Magistrate Judge Robert H. Scott. Doc. 18. After noting that Plaintiff had not responded to Defendants' offer to agree to remand, the Magistrate Judge offered Plaintiff a second opportunity to clarify whether his claims are consistent with or contrary to his motion for remand, by entering an Order permitting Plaintiff, within 14 days, to either: (1) amend paragraph 22 of his Complaint to

eliminate any reference to the federal constitution and voluntarily dismiss any claim that appears to arise under federal statute or constitutional law; or (2) file a notice indicating whether Plaintiff "wish[ed] to pursue the federal constitutional claim." Doc. 19. In response to the Order, Plaintiff filed a Notice of Intention to Pursue Federal Constitutional Claims and Request for Hearing on Plaintiff's Motion to Remand, in which he stated that he "intends to pursue his complaint that includes issues and/or claims that are based on, arising under, or related to federal constitutional law." Doc. 20. As the Magistrate Judge noted, Plaintiff's notice was "generally contrary to Plaintiff's argument that his case is based in state law and should be remanded." Doc. 23 at 2.

In order to allow Plaintiff to clarify his position, the Magistrate Judge held a hearing on Plaintiff's motion on March 19, 2014. At the hearing, Plaintiff's counsel advised that his federal constitutional claims are "elements" of his state law claims. *Id.* at 2. Upon questioning by the Court, however, Plaintiff's counsel was unable to identify any state law claim that contains as an element proof that the federal constitution has been violated. *Id.*

On March 26, 2014, the Magistrate Judge filed an R&R recommending that Plaintiff's motion be granted. Doc. 23. In support of his recommendation, the Magistrate Judge stated that "Plaintiff is unable to articulate a federal claim and [] all causes of action brought by Plaintiff in his Complaint are state law matters." *Id.* On April 14, 2014, Defendants timely filed objections to the R&R, objecting to the Magistrate Judge's conclusion that because Plaintiff is unable to properly state a federal claim, remand is warranted. Doc. 24. Defendants request that the Court sustain their objections to the R&R, and deny Plaintiff's motion to remand. *Id.* Plaintiff did not file any response to Defendant's objections.

**LEGAL STANDARD**

I.  Review of Magistrate Judge's Findings

This Court must make a de novo determination of the portions of a Magistrate Judge's proposed findings and recommended disposition to which either party timely objects. 28 U.S.C. § 636(b)(1). After its de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

II.  Removal

28 U.S.C. Section 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties," though it is clear that a district court may not refuse removal jurisdiction over a plaintiff's claims "simply because they appeared in state raiment." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Accordingly, a federal court has subject matter jurisdiction over an action not only when

the action sets forth a claim under federal law, but also where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28. Indeed, the Supreme Court has "often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Id.* at 9. Accordingly, a plaintiff may not "avoid removal jurisdiction by artfully casting [his] essentially federal law claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981).

Further, the issue of whether a plaintiff is able to state a cognizable federal claim is "not decisive on the question of jurisdiction of the federal court." *Bell v. Hood*, 327 U.S. 627, 685 (1946). Federal jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover." *Id.* at 682. To be sure, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). At the same time, because determination of failure to state a claim "calls for a judgment on the merits and not for a dismissal for want of jurisdiction," *Bell*, 327 U.S. at 685, this Court "must avoid jumping over the jurisdiction issue to determine that the plaintiff fails to state a claim upon which relief can be granted." *Edwards-Flynn v. Yara*, No. CV-0800186 JB/ACT, Doc. No. 56, Mem. Op. and Order (D.N.M. Mar. 9, 2009) (unpublished), at 9.

## DISCUSSION

Here, Plaintiff alleges on the face of his Complaint that Defendants violated his rights to due process under the Constitution of the United States. Indeed, when specifically asked by the Magistrate Judge to clarify whether he intended to pursue exclusively state law claims or instead

intended to pursue the federal constitutional claims included in his Complaint as drafted, Plaintiff unequivocally indicated that he had no intention of amending his Complaint, but rather intended to pursue "issues and/or claims that are based on, arising under, or related to federal constitutional law." Doc. 20. Further, as Defendants argue, Plaintiff's request for attorney's fees can reasonably mean only that Plaintiff's claim is actually one brought under 42 U.S.C. § 1983 for a purported civil rights violation (for which a prevailing party may be awarded attorney's fees pursuant to 42 U.S.C. § 1988(b)) – unquestionably a federal claim that gives rise to federal question jurisdiction. Defendant cannot have it both ways: he is not entitled to remand of a case that is admittedly based on or arising under federal law.

This analysis is not changed by the fact that Plaintiff ostensibly stated his federal claims as "elements" in support of a state law claim. The law is clear that Plaintiff may not avoid this Court's jurisdiction by casting what he admits are federal claims as "elements" of his state law claims. Plaintiff's allegations regarding the violation of his federal due process rights necessarily depend on resolution of a substantial question of federal law; this Court thus has subject matter jurisdiction over this action.

Moreover, whether Plaintiff can articulate a federal claim, or whether any of Plaintiff's state law claims properly contains as an element a violation of federal law, is not determinative of the issue before the Court, namely whether federal question jurisdiction exists. It is enough that Plaintiff, on the face of his Complaint, has advanced a theory of recovery under federal law, namely, a violation of his federal constitutional rights under Section 1983. As Defendants argue, by pleading violations of the United States Constitution, Plaintiff has raised one or more questions that demand interpretation of federal law, thus rendering his claim removable. There

thus is no "want of jurisdiction" here.  Because this Court thus has subject jurisdiction over this case, Plaintiff's motion to remand must be denied.

## CONCLUSION

Plaintiff's Complaint presents on its face a federal question, making removal jurisdiction proper here.  Accordingly, Defendants' objections to the R&R are well taken.  The Court declines to adopt the Magistrate Judge's recommendation that the case be remanded to state court, and denies Plaintiff's motion for remand.

**IT IS THEREFORE ORDERED** that:  Defendants' Objections to Report and Recommendation Regarding Motion to Remand [Doc. 24] are **SUSTAINED**; the Magistrate Judge's Report and Recommendation Regarding Motion to Remand ("R&R") [ Doc. 23] is **NOT ADOPTED**; and Plaintiff's Motion to Remand Proceedings to New Mexico State District Court [Doc. 10] is **DENIED**.

DATED this 23rd day of July, 2014.

_____
MARTHA VAZQUEZ
United States District Judge