## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SCOTT PISTONE,**

     **Plaintiff,**

**v.**                                                                 **No. 13-cv-0920 MV/SMV**

**STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT and
T. DAVID EISENBERG,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER
## TO PAY DEFENDANTS' REASONABLE EXPENSES

THIS MATTER is before the Court on the Affidavit of Mark D. Standridge ("Affidavit") [Doc. 40], filed January 30, 2015.  Plaintiff did not object or otherwise respond to the Affidavit. Having reviewed the Affidavit and the applicable law, and being otherwise fully advised in the premises, the Court finds that Plaintiff's request for $907.10 in attorney's fees will be reduced in accordance with this Memorandum Opinion and Order.

### Background

On January 8, 2015, this Court granted Defendants' First Motion to Compel Plaintiff's Initial Disclosures and Discovery Responses ("Motion to Compel") [Doc. 35] and ordered Plaintiff to pay Defendants' reasonable expenses, including attorney's fees, incurred in connection with bringing and filing the Motion to Compel, under Rule 37 of the Federal Rules of Civil Procedure.  *See* [Doc. 38] at 2.  Attorney Mark D. Standridge, counsel for Defendants, submitted the Affidavit and requested fees in the amount of $907.10.  [Doc. 40] at 1.  He

calculated this amount by multiplying the requested hourly rate ($130) by the number of hours expended in connection with the Motion to Compel (6.5 hours).

Attached to the Affidavit is Exhibit A ("Invoice"), which reflects costs and specific amounts of time Defendants' counsel spent on individual tasks associated with the Motion to Compel. *See* [Doc. 40] at 3–4.

## Law Regarding the Award of Attorney's Fees

The starting point for determining the appropriate amount of attorney's fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Hensley v. Eckert*, 461 U.S. 424, 433 (1983) (interpreting the attorney fee provision of 42 U.S.C. § 1988); *see also Centennial Archeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (applying the § 1988 attorney-fee case law to Fed. R. Civ. P. 37 attorney-fee issue). This calculation is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

There are two elements to the reasonableness inquiry: First, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley*, 461 U.S. at 434. The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998). With respect to legal research performed, the party requesting fees must provide enough information to determine whether the research was related to successful issues and

reasonably necessary.  *See id.* at 1252.  "An award of reasonable attorney's fees may include compensation for work performed in preparing and presenting the fee application."  *Id.* at 1254 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

## ANALYSIS

### Number of Hours Reasonably Expended

The items on Defendants' counsel's Invoice are:

| | |
|---|---|
| 11/12/14….Drafted and faxed/emailed Rule 37 letter to plaintiff's counsel…………..2.60 | |
| 11/19/14….Email to opposing counsel re: motion to compel…………………...…… 0.10 | |
| 11/20/14….Drafted First Motion to Compel and prepared exhibits for same…………3.10 | |
| 11/21/14….Edited/finalized, filed and served First Motion to Compel……………… 0.50 | |
| 12/10/14….Drafted, filed and served Notice of [Completion of Briefing]…………… 0.20 | |
| | **6.50** |

[Doc. 40] at 3–4.  The Court finds that the time expended on the first item was reasonable.
Obviously, counsel had to review the discovery requests before sending the letter.  And although the Rule 37 letter itself is very brief (two pages), preparing the last paragraph (regarding Plaintiff's objections to Defendants' requests for admission) involved some legal research regarding the law governing actions for tortious interference with contract.  *See* [Doc. 35-4] at 2.
The Court also finds the time expended on the second item to be reasonable.

The time expended on the third item, "Drafted First Motion to Compel and prepared exhibits for same . . . 3.1 [hours]," appears excessive.  The Motion to Compel is well-drafted and thorough, but any research necessary for the Motion to Compel should have been covered by the research that preceded the Rule 37 letter.  The Court finds that 1.5 hours is a reasonable amount of time for the drafting of the Motion to Compel, and will therefore reduce the third item accordingly.  *See Case*, 157 F.3d at 1249 (burden is on the party requesting fees to demonstrate that the time expended was reasonable).

3

The Court finds that the time expended on the fourth and fifth items was reasonable.

In summary, therefore, the Court finds 4.90 hours to be a reasonable number of hours incurred in connection with Defendants' Motion to Compel.

## Hourly Rate

Defendants' counsel is an experienced attorney with nine years of experience. *See* [Doc. 40] at 1. The Court finds that $130 per hour is a reasonable hourly fee for a litigator with counsel's experience, giving due consideration to the locale and the complexity of the matter at issue. This figure is especially reasonable when compared with other attorney fees awarded by the Court recently. *See, e.g.*, Order to Pay Plaintiff's Reasonable Expenses [Doc. 58] at 2, in *Brown v. Cudd Pumping Servs., Inc*., No. 13-cv-0549 MCA/SMV (D.N.M. Aug. 20, 2014).

## Success Obtained

Defendants were completely successful. The Court granted the Motion to Compel in its entirety. Thus, the Court will not reduce the award based on this factor.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall pay Defendants $637.00[1] in reasonable expenses within **90 days** of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] 4.9 hrs x $130/hr = $637.00.