IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SCOTT PISTONE,**

    **Plaintiff,**

**v.**                                                                                                          **No. 13-cv-0920 MV/SMV**

**STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT and
T. DAVID EISENBERG,**

    **Defendants.**

**SECOND MEMORANDUM OPINION AND ORDER
TO PAY DEFENDANTS' REASONABLE EXPENSES**

THIS MATTER is before the Court on its Third Order to Show Cause [Doc. 65], issued on June 9, 2015, and on the Affidavit of Mark D. Standridge ("Affidavit") [Doc. 68], filed June 29, 2015. Plaintiff did not appear at the Show-Cause Hearing on June 25, 2015, as ordered in the Third Order to Show Cause, and has failed to show cause why he should not be sanctioned for failure to comply with the Court's Memorandum Opinion and Order to Pay Defendants' Reasonable Expenses [Doc. 47]. The Court has reviewed the Affidavit and the applicable law, and is otherwise fully advised in the premises. For his failure to comply with both the Memorandum Opinion and Order to Pay Defendants' Reasonable Expenses [Doc. 47] and the Third Order to Show Cause [Doc. 65], the Court sustains the Third Order to Show Cause and orders that Plaintiff pay $78.00 to Defendants within **20 days'** entry of this Order.

**BACKGROUND**

On January 8, 2015, this Court granted Defendants' First Motion to Compel Plaintiff's Initial Disclosures and Discovery Responses [Doc. 35] and ordered Plaintiff to pay Defendants' reasonable expenses, including attorney's fees, incurred in connection with bringing and filing the motion, under Rule 37 of the Federal Rules of Civil Procedure. *See* [Doc. 38] at 2. Attorney Mark D. Standridge, counsel for Defendants, submitted his fee affidavit on January 30, 2015. [Doc. 40] at 1. On February 25, 2015, the Court awarded Defendants $637 in reasonable expenses pursuant to Rule 37(a)(5)(A) and ordered Plaintiff to pay Defendants within 90 days—that is, by May 26, 2015. [Doc. 47].

By agreement of counsel, Plaintiff was to pay one-third of the ordered expenses by March 13, 2015, and one-third every 30 days thereafter, until the full payment was complete. [Doc. 63] at 2; *see* [Docs. 63-1, 63-2, 63-3, 63-4] (correspondence between counsel). Plaintiff did not make the agreed-upon first installment by March 13, 2015. [Doc. 63] at 2. Nor did Plaintiff make any payments during the remainder of March, April, or May. On May 15, 2015, Defendants' counsel emailed Plaintiff's counsel to request an update on Plaintiff's payment of the ordered expenses. *Id.* at 3; *see* [Doc. 63-6]. Plaintiff's counsel did not respond.

Plaintiff was to pay the ordered expenses by May 26, 2015. On June 5, 2015, Defendants filed a Notice Regarding Memorandum Opinion and Order to Pay Defendants' Reasonable Expenses [Doc. 63], stating that Plaintiff had made no payment of the ordered expenses by that date. According, the Court issued the Third Order to Show Cause [Doc. 65] on June 9, 2015.

The Court ordered pro se Plaintiff to personally appear[1] on June 25, 2015, at 10:30 a.m. in the Doña Ana Courtroom at the United States Courthouse in Las Cruces, New Mexico, to show cause why he should not be sanctioned—up to and including further monetary sanctions and entry of judgment in Defendants' favor—for failing to comply with the Court's Memorandum Opinion and Order to Pay Defendants' Reasonable Expenses. [Doc. 65].

Plaintiff failed to appear at the June 25, 2015 show-cause hearing. Clerk's Minutes [Doc. 67]. Mr. Standridge appeared for Defendants. He indicated that he had attempted to contact Plaintiff directly since Mr. Lash withdrew as counsel but received no response. *Id.* At the show-cause hearing, the Court found that defense counsel was entitled to reasonable expenses incurred in connection with appearing. *Id.* at 2. Mr. Standridge submitted his Affidavit [Doc. 68] on June 29, 2015.

## LEGAL STANDARD

The undersigned has the authority conferred on magistrate judges under 28 U.S.C. § 636(b)(1)(A) to decide matters involving nondispositive sanctions. *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). The Court may impose sanctions here pursuant to Rule 16(f) and the Court's inherent authority.

Rule 16(f)(1) allows the court to issue, on motion or sua sponte: "any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or

---

[1] Plaintiff is a licensed attorney in the state of New Mexico. Plaintiff was previously represented by attorney Michael E. Lash, who was employed as an associate attorney at Plaintiff's law firm. On May 20, 2015, Mr. Lash moved to withdraw as attorney for Plaintiff. [Doc. 59]. The Court granted the motion on June 9, 2015. [Doc. 64]. To ensure that Plaintiff would receive the Third Order to Show Cause [Doc. 65] and the Order Granting Attorney Michael Lash's Motion to Withdraw as Attorney, the Court directed the Clerk's Office to forward a copy of both orders to pro se Plaintiff at: The Law Offices of Scott Pistone Ltd Company, 120 Granite Ave. NW, Albuquerque, NM 87102. The Clerk's Office staff mailed a copy of both orders on June 10, 2015.

(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Further, Rule 16(f)(2) provides that "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Sanctions pursuant to Rule 16(f) "require[] the violation of an existing court order." *Lillie v. United States*, 40 F.3d 1105, 1110 (10th Cir. 1994).

## ANALYSIS

### I.     Rule 16(f) Sanctions are Appropriate

Plaintiff's failure to comply with the Court's expenses order and failure to appear at the June 25, 2015 show-cause hearing, as required by the Third Order to Show Cause, is sanctionable conduct under Rule 16(f).

Plaintiff did not pay Defendant's reasonable expenses, as ordered by the Court. Plaintiff did not appear at the show-cause hearing, nor did he request that the hearing be rescheduled or give any reason for his non-appearance. [Doc. 67]. Plaintiff has since failed to offer any reason for his noncompliance, and the Court finds none. The Court concludes that Plaintiff's conduct was not substantially justified. *See* Fed. R. Civ. P. 16(f)(2). Moreover, the Court is aware of no circumstances that would make an award of expenses to Defendants unjust. *See id.* The Court therefore concludes that Plaintiff should be required to pay reasonable expenses to Defendants for their counsel's appearance at the June 25, 2015 show-cause hearing.

## II.  Amount Requested is Reasonable

The starting point for determining the appropriate amount of attorney's fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Hensley v. Eckert*, 461 U.S. 424, 433 (1983) (interpreting the attorney fee provision of 42 U.S.C. § 1988); *see also Centennial Archeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (applying the § 1988 attorney-fee case law to Fed. R. Civ. P. 37 attorney-fee issue).  This calculation is referred to as the "lodestar" method.  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

Defendants' counsel, Mark D. Standridge, requests $78.00 in attorney's fees incurred in connection with the June 25, 2015 show-cause hearing.  [Doc. 68].  Mr. Standridge reports that he expended 0.6 hours in connection with preparing for and appearing at the hearing.  His reported time includes reviewing and outlining the relevant docket entries as well as attending the hearing in person.  His requested rate is $130 per hour.  *Id.*

The Court finds 0.6 hours to be a reasonable number of hours incurred in connection with appearing at the June 25, 2015 show-cause hearing.  The Court also finds that $130 per hour is a reasonable hourly fee for a litigator with counsel's experience.  *See* [Doc. 68] at 1 (stating that counsel has nine years' experience).  This figure is especially reasonable when compared with other attorney fees awarded by the Court recently.  *See, e.g.*, Order to Pay Plaintiff's Reasonable Expenses [Doc. 58] at 2, in *Brown v. Cudd Pumping Servs., Inc.*, No. 13-cv-0549 MCA/SMV

(D.N.M. Aug. 20, 2014).  Accordingly, the Court will award Defendants reasonable expenses in the amount of $78.00.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall pay Defendants $78.00 in reasonable expenses within **20 days** of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**