# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SCOTT PISTONE,**

    **Plaintiff,**

v.                                              No. 13-cv-0920 MV/SMV

**STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT and
T. DAVID EISENBERG,**

    **Defendants.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's failure to appear for an in-person show-cause hearing on June 25, 2015. Having considered the non-appearance, the entire record, and being otherwise fully advised in the premises, I find that, without justification, Plaintiff has failed to comply with this Court's order to pay certain expenses and this Court's order to appear. I find that such actions have prejudiced Defendants and have interfered with the judicial process; that Plaintiff is culpable despite express warning that judgment may be entered against him; and that lesser sanctions have not been effective. Accordingly, pursuant to Fed. R. Civ. P. 41(b)[1] and the Court's inherent authority, I recommend that the Plaintiff's claims be DISMISSED with prejudice, and that judgment be entered in Defendants' favor in the amount of $715.

---

[1] Under Rule 41(b), a district court may dismiss an action, sua sponte, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that despite the Rule's language, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").

## Background

Plaintiff initiated this action in state court on July 31, 2013, asserting various claims arising from the termination of his contract to provide legal representation for qualified individuals on behalf of Defendants.[2]  [Doc. 1-1] at 2.  Plaintiff alleged that Defendants' actions violated the contract and violated his due process rights under the state and federal constitutions.  [Doc. 1-1].  Defendants contend that the contract was properly terminated as a result of Plaintiff's own material breach(es).  [Doc. 14] at 5.  They removed the case to this Court on September 13, 2013.  [Doc. 1].

The case was stayed for more than nine months while the Court examined its jurisdiction.  *See* [Docs. 16, 28].  Ultimately, the Court determined that federal question jurisdiction was present, [Doc. 26], and scheduling commenced, [Doc. 29].  As is relevant here, the Honorable Robert Hayes Scott, United States Magistrate Judge, ordered the parties to produce their initial disclosures under Fed. R. Civ. P. 26 no later than October 6, 2014.  *Id.* at 1–2.

By November 12, 2014, Plaintiff had not made his initial disclosures.  *See* [Doc. 35-4] at 1.  Thus, defense counsel wrote to Plaintiff's counsel requesting that they be produced (along with responses to other discovery requests, which were also overdue) within five days.  *Id.*  Nevertheless, by November 21, 2014, Plaintiff had not responded to the letter and still had not produced his initial disclosures.  [Doc. 35] at 2.  So Defendants filed a motion to compel.  [Doc. 35] at 2, 4–5.

The case was reassigned to me on January 2, 2015, after Judge Scott retired.  [Doc. 37].  On January 8, 2015, after Plaintiff had failed to respond to the motion to compel in any way, I

---

[2] Plaintiff is a licensed attorney in the state of New Mexico.  It appears that he was represented in this lawsuit by another attorney, Michael E. Lash, who was also employed as an associate attorney at Plaintiff's law firm.

granted the motion, ordered Plaintiff to serve his initial disclosures by January 30, 2015, and ordered Defendants to file an affidavit of their reasonable expenses. [Doc. 38]. In addition, I ordered Plaintiff's counsel, Mr. Lash, to show cause why he himself should not be sanctioned for failing to produce initial disclosures. [Doc. 39]. On January 30, 2014, Mr. Lash responded to the order to show cause, explaining that he "thought (without having a basis to do so under FRCP [sic] 26) that the initial disclosure deadlines were merged into the discovery deadlines." [Doc. 41] at 1. Because it was still unclear whether Mr. Lash had served initial disclosures, I set a telephonic show-cause hearing for February 12, 2015. [Doc. 42]. At the hearing, Mr. Lash indicated that he had misunderstood my order but had served initial disclosures that day (February 12, 2015). [Doc. 45]. Defense counsel confirmed that Plaintiff's initial disclosures had been received and were satisfactory. *Id.* Therefore, I quashed the Second Order to Show Cause. [Doc. 44].

However, the matter of the reasonable expenses related to the motion to compel was still outstanding. I reviewed Defendants' affidavit of expenses and found that $637 was reasonable. [Doc. 47]. Under Fed. R. Civ. P. 37, I ordered Plaintiff to pay the $637 within 90 days or no later than May 26, 2015.[3] *Id.*

Despite my order, Plaintiff had not paid the $637—or any portion of it—by June 5, 2015. [Doc. 63]. Accordingly, I issued a Third Order to Show Cause, directing Plaintiff to personally appear[4] on June 25, 2015, to explain why he should not be sanctioned—up to and including

---

[3] I allowed 90 days for payment to be made at Plaintiff's request. Defense counsel had agreed to accept one-third of the award every 30 days, such that the total award would be paid within 90 days. *See* [Doc. 63] at 2.

[4] Mr. Lash moved to withdraw as counsel for Plaintiff on May 20, 2015. [Doc. 59]. He explained that he no longer worked for Plaintiff's law firm, and "it [was] not possible . . . to continue his representation of Plaintiff." *Id.* at 1. He further explained that Plaintiff had been on notice "for several months" that he would need to obtain new

further monetary sanctions and entry of judgment in Defendants' favor—for failure to comply with the Order to pay Defendants' Reasonable Expenses.[5] [Doc. 65].

Plaintiff failed to appear at the June 25 hearing and did not request any continuance. [Doc. 67]. Mr. Standridge appeared for Defendants. He indicated that he had attempted to contact Plaintiff directly since Mr. Lash withdrew as counsel but received no response. *Id.* I found that Defendants were entitled to their reasonable expenses for appearing at the hearing. Mr. Standridge submitted his affidavit of expenses, and I ordered Plaintiff to pay $78 within 20 days. [Doc. 69].

## Discussion

Fed. R. Civ. P. 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The Rules notwithstanding, district courts have "the inherent power to dismiss a plaintiff's action for failure . . . to comply

---

counsel. *Id.* Plaintiff did not object to Mr. Lash's motion to withdrawal, *see* D.N.M.LR-Civ. 83-8(b), and I allowed Mr. Lash to withdraw on June 9, 2015. [Doc. 64].
[5] I directed the Court Clerk to forward the Order granting Mr. Lash's motion to withdraw as well as the Third Order to Show Cause and Order Setting In-Person Show-Cause Hearing to Plaintiff by mail at The Law Offices of Scott Pistone Ltd Company, 120 Granite Ave. NW, Albuquerque, NM 87102. [Docs. 64, 65]. The Court file indicates that a deputy clerk mailed the documents on June 10, 2015.

with the rules of federal procedure or any order of the court." *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir. 1963).

Before dismissing a plaintiff's claims, however, a court should consider the factors set forth in *Ehrenhaus*:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

I find that Defendants have been and will continue to suffer actual prejudice by Plaintiff's failures to comply with the rules of procedure and orders of this Court. Plaintiff has still not paid Defendants their reasonable expenses related to the motion to compel, expenses that were ordered more than four months ago. Further, Plaintiff failed to appear for the recent show-cause hearing, causing Defendants to expend more resources.

Further, I find that Plaintiff's failures (to pay the expenses award and to appear as ordered to show cause why he should not be further sanctioned) are interfering with the judicial process. The fact that Plaintiff did not pay the expenses as ordered—and still has not paid them—and has failed to appear as ordered (or to respond to the order in any way) evidences his defiance of the Court's order.

I find that Plaintiff is culpable for his failures.  Although Mr. Lash was responsible for the delay in producing initial disclosures, Plaintiff was his employer.  Under the New Mexico Rules of Professional Conduct, Plaintiff was responsible for supervising Mr. Lash's legal work. *See* Rule 16-501 NMRA.  Besides, Plaintiff himself owed the sanctions, and Plaintiff himself failed to appear at the show-cause hearing.  Finally, Plaintiff's culpability is underscored by the fact that he is a licensed, practicing New Mexico attorney.

Plaintiff was expressly warned that his claims could be dismissed if he failed to pay the expenses as ordered.  [Doc. 65].  Nevertheless, he has failed to obey the order and has failed to show cause why his failure should be excused.

Finally, lesser sanctions have not been effective.  Plaintiff has still not paid the expenses as ordered and has given no indication that he intends to pay them.  Under the circumstances here, the aggravating factors outweigh the Court's strong predisposition to resolve the case on its merits, and dismissal is warranted.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's claims be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority.

**IT IS FURTHER RECOMMENDED that** judgment be entered in Defendants' favor in the amount of $715.

**FINALLY**, (in addition to the automatic electronic notification that is sent to Plaintiff via email to Ofc_Pistone@yahoo.com), the Clerk is **DIRECTED** to forward a copy of this PF&RD by mail to Plaintiff Mr. Pistone, at The Law Offices of Scott Pistone Ltd Company, 120 Granite Ave. NW, Albuquerque, NM 87102.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**